UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States

    v.

Victoria Duford

Criminal No. 18-cr-00042-LM
Opinion No. 2020 DNH 082

**O R D E R**

Defendant, Victoria Duford, is serving a 43-month sentence for conspiracy to distribute a controlled substance (methamphetamine) in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(viii), and 846. She moves the court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the threat to her health posed by the spread of COVID-19 at Federal Correctional Institution ("FCI") Danbury where she is incarcerated. The government objects.

**STANDARD OF REVIEW**

A court may grant so-called "compassionate release" to a defendant under 18 U.S.C. § 3582(c)(1)(A). 18 U.S.C. § 3582(c)(1)(A) provides, in relevant part, that:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

>earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i)  extraordinary and compelling reasons warrant such a reduction
>
>>. . .
>
>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A); see also U.S.S.G. § 1B1.13 (sentencing guidelines policy statement on compassionate release).  Under this statute, a district court may properly consider a motion for compassionate release under three circumstances: (1) the motion is filed by the Director of the Bureau of Prisons ("BOP"); (2) the motion is filed by defendant after she exhausts all her administrative rights to appeal BOP's refusal to bring a motion on her behalf; or (3) the motion is filed by defendant 30 days after defendant requested the warden of her facility to petition for compassionate release on her behalf.  18 U.S.C. § 3582(c)(1)(A).  The court will refer to the two alternative avenues for a defendant to petition the court directly for compassionate release (exhaust administrative

rights to appeal or wait 30 days after request to the warden) as the statute's "exhaustion requirement."

This court recently held that the exhaustion requirement of the compassionate release statute is a mandatory claim-processing rule that the court may not excuse based on equitable exceptions or otherwise if properly raised by the opposing party. United States v. Britton, No. 18-cr-108-LM, 2020 WL 2404969, at *7 (D.N.H. May 12, 2020). Here, the government has raised the defense of defendant's failure to exhaust her administrative remedies. The court must therefore "enforce" the exhaustion requirement. See Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1849 (2019) (court must "enforce" a claim-processing rule if properly raised by opposing party). This means that defendant must demonstrate that she has satisfied the exhaustion requirement before this court can consider the merits of her request. See Britton, 2020 WL 2404969, at *7; see also United States v. Ebbers, No. S402CR11443VEC, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (defendant has burden of showing she is entitled to a sentence reduction).

**DISCUSSION**

Defendant has not established that she has satisfied the exhaustion requirement of the compassionate release provision.

3

She contends that she submitted a compassionate release request to her social worker on April 9, 2020 and a request for home confinement to her case manager that same day.  She also asserts that she submitted a request for compassionate release to the warden on April 21 and one to her case manager on April 22.  Defendant has not at this point submitted any proof of these requests in support of her motion.

The government contends that BOP received a partial request from defendant on April 23, 2020.  Doc. no. 55-2 at 83.  That partial request appears to be the final page of a hand-written submission.  See id.  The single page BOP received does not identify defendant's requested relief or provide a basis for such relief.  See id.  BOP responded to defendant on April 26, alerting her that it only received a single page of her request and directing her to re-submit a complete request to the warden.  The government represents that as of May 7, BOP had not received a complete request from defendant.

Based on the current record, defendant has not demonstrated that she has satisfied the exhaustion requirement.  The only request from defendant to BOP that the court has proof of was submitted on April 23.  It is unclear at this point what defendant sought in that request.  Even assuming that BOP received defendant's complete submission on April 23 and the

4

submission requested compassionate release, 30 days have not elapsed since that request.  And there is no evidence that BOP denied that request or that defendant exhausted her administrative appeals of any denial.  Therefore, defendant has not shown that she has exhausted her administrative remedies as required by the compassionate release provision and the court may not reach the merits of her compassionate release request at this time.[1]

Defense counsel may, at any time, submit evidence demonstrating that defendant has, in fact, already met the exhaustion requirement.  Or counsel may choose to refile, renew, or supplement defendant's pro se motion after defendant has exhausted her administrative remedies.  Defense counsel may also choose to move the court to stay this action until such time as defendant has met the exhaustion requirement.

---

[1] Defendant's pro se motion also requests release to home confinement under 18 U.S.C. § 3624(c) as modified by the CARES Act § 12003(b)(2).  The court does not have authority to order home confinement under § 3624, only BOP does.  See 18 U.S.C. §§ 3621(b), 3624(c)(2); Tapia v. United States, 564 U.S. 319, 331 (2011).  The court may, however, make a judicial recommendation to BOP for home confinement.  See 18 U.S.C. § 3621(b)(4); United States v. Best, No. 5:16-CR-236-FL, 2019 WL 5608856, at *1 (E.D.N.C. Oct. 30, 2019).  Construing defendant's request as one for a judicial recommendation that BOP release defendant to home confinement, the court declines to reach the merits of this request at this time.

5

The court previously issued an endorsed order stating that a telephone conference would occur shortly after the government's objection was filed.  Endorsed Order (May 7, 2020).  Given the status of the exhaustion issue, the court does not find a hearing necessary at this time.  However, if one or both of the parties wish to have a status conference with the court at this time, they shall notify the case manager on or before May 18, 2020.

## CONCLUSION

For the foregoing reasons, the court denies without prejudice defendant's motion for compassionate release or home confinement (doc. no. 53).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 15, 2020

cc:   Victoria Duford
      Donna Brown, Esq.
      Seth Aframe, AUSA